IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| AMPARO PATRINOSTRO, | * | |
| | * | CIVIL NO. |
| Plaintiff, | * | |
| | * | RE: PERSONAL INJURY |
| v., | * | |
| | * | PLAINTIFF DEMANDS |
| PUERTO RICO PORTS | * | TRIAL BY JURY |
| AUTHORITY; PUERTO RICO | * | |
| TOURISM COMPANY; MAPFRE | * | |
| PRAICO INSURANCE COMPANY; | * | |
| INSURERS 1-5; UNKNOWN | * | |
| DEFENDANTS 1-5, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW INTO THIS COURT,** through the undersigned counsels, comes the plaintiff and respectfully states, alleges and requests, as follows:

**I. Introduction**

1. Plaintiff brings this action in torts, pursuant to this Court's Diversity Jurisdiction, against the insurer of the municipality that owns a public plaza and the two public corporations that were responsible for its management, administration and maintenance, seeking compensatory relief for the personal injuries and losses she sustained when a cracked and uneven surface on one of the plaza's walkways caused her to trip, lose her balance and fall to the pavement.

2. Plaintiff claims that Defendants are liable for her injuries because they negligently maintained the public walkway in question in a state of significant deterioration, without giving her any warning or taking any measures to protect her from such a risk.

## II. Jurisdiction and Venue

3. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1332, because all the parties on either side of the controversy are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

4. The facts set forth in this Complaint are actionable under Articles 1536, 1538, 1539 and 1540 of the 2020 Civil Code of Puerto Rico, 31 LPRA §§ 10801, 10803, 10804 and 10805.

5. Venue lies under 28 U.S.C. §§ 1391(b) & (c) and 31 U.S.C. §3732(a) because Defendants transact business within this district and the acts and/or omissions forming the basis of this Complaint caused Plaintiff to sustain her damages within the District of Puerto Rico.

## III. Jury Trial Demand

6. Pursuant to the Seventh Amendment of the United States Constitution, the Plaintiff demands a trial by jury in the instant case. Fed. R. Civ. P. 38b.

## IV. Parties to the Action

7. The plaintiff **Amparo Patrinostro** ("Patrinostro" or "Plaintiff") is a female of legal age and citizen of the State of Florida.

8. The Defendants are: **Puerto Rico Ports Authority ("PRPA"); Puerto Rico Tourism Company ("PRTC"); MAPFRE PRAICO Insurance Company ("MAPFRE-PRAICO"); Insurers 1-5**, which are designated with fictitious names because their true names are unknown to Plaintiff at this time; and, **Unknown Defendants 1-5**, which are also designated with fictitious names because their true names are unknown to Plaintiff at this time.

9. The Defendants are incorporated or organized under the laws of, and have their principal places of business in, or are citizens of, the Commonwealth of Puerto Rico or a State of the Union other than Florida.

10. **PRPA** is a public corporation of the Commonwealth of Puerto Rico, created by Act No. 125 of May 7, 1942, as amended (23 L.P.R.A. §§ 331, et seq.), as a legal entity with personality separate from the Commonwealth, with powers and faculties to sue and be sued, 23 L.P.R.A. § 336 (e).

11. **PRTC** is also public corporation of the Commonwealth of Puerto Rico, created by Law No. 10 of June 18, 1970, as amended (23 L.P.R.A. §§ 671a), as a legal entity with personality separate from the Commonwealth, with powers and faculties to sue and be sued, 23 L.P.R.A. (23 L.P.R.A. § 671d).

12. The Municipality of San Juan ("MSJ") is a city, or municipal entity, with the capacity to sue and/or be sued (23 L.P.R.A. § 7030b), located within the Commonwealth of Puerto Rico. The MSJ is not a party-defendant to this action.

13. At the times relevant herein, the MSJ, **PRPA** and/or **PRTC** owned, administered, operated, entrusted, inspected, repaired, maintained and/or controlled the premises of the public grounds known as *"Plaza las Dársenas"* in Old San Juan (henceforth, the "Plaza"), including the paved walkway where the accident object of this Complaint occurred.

14. At all times relevant to this Complaint, the MSJ, **PRPA** and/or **PRTC** had a legal duty of care to maintain the public walkway in question in a reasonably safe condition for the tourists, visitors and citizens who walked on it, as well as a legal obligation to take all necessary precautions to protect them against any foreseeable risk of bodily injury, damage or harm.

15. At the times relevant herein, **MAPFRE-PRAICO** had issued and had in full force and effect an insurance policy in favor of the MSJ which covers the damages claimed by Plaintiff under a factual situation such as the one alleged in this Complaint.

16. At the times relevant herein, **Insurers 1-5** had issued and had in full force and effect insurance policies in favor of the MSJ, **PRPA** and/or **PRTC** of the type of primary, secondary, "umbrella," excess coverage and/or any other type of coverage, that cover the risks, occurrences and/or events, and damages alleged in this Complaint.

17. **Unknown Defendants 1-5** are the natural or legal persons who could be responsible to Plaintiff for having caused, in whole or in part, the negligent acts and/or omissions related in this lawsuit and/or the damages suffered by Plaintiff, or for the payment of sums owed to her for the damages suffered, including the spouses of any natural person defendant, for being the legal entity through which Defendant or one of them conducts business, for having issued a liability policy that covers the damages claimed in this Complaint, or for having received any economic benefit from the commercial operation of Defendant.

## V. Factual Allegations

18. On May 31, 2024, **Patrinostro**, on vacations in Puerto Rico, was walking through Old San Juan and enjoying the sights the city has to offer to tourists, visitors and citizens.

19. That day, while **Patrinostro** walked along one of the Plaza's walkways, she was exposed to an ostensibly dangerous condition that was negligently maintained by Defendants' agents or employees. The surface of the paved path was cracked and uneven.

20. When **Patrinostro** stepped onto the defective surface of the said public walkway, without any warning or danger signal, she tripped, twisted her right ankle, lost her balance and fell on her left knee on the pavement.

4

21. At the time, there were no signs or warnings in the area where **Patrinostro** fell, alerting the tourists, visitors and citizens who legally used such public walkway of its hazardous, perilous and dangerous condition.

22. As a result of the accident, **Patrinostro** suffered multiple bodily traumas to various parts of her body, including a right ankle fracture and a left knee prepatellar bursa wound. For those lesions, she has undergone extensive medical treatment, including surgery, and physical therapy.

23. All of these injuries have caused **Patrinostro** to sustain considerable physical pain and emotional distress; and left her with a permanent partial impairment in her total bodily function.

24. As consequence of her physical injuries and limitations, **Patrinostro** has also incurred in considerable medical expenses and will incur in future medical expenses as well.

25. The accident described above was caused, solely and exclusively, by the concurrent negligence of the MSJ, **PRPA** and **PRTC** in maintaining the afore-described defect on the public pathway, thereby creating an ostensibly hazardous condition for the citizens, visitors and tourists, including **Patrinostro**, without giving notice of such existing dangerous condition and without taking precautionary measures to prevent accidents like the one that occurred to her.

26. MSJ, **PRPA** and **PRTC** knew or, in the exercise of due diligence, should have known, about the existence of such perilous condition negligently kept in the public grounds of the Plaza by their agents or employees, and it was reasonably foreseeable to Defendants that the same could and, in fact, did pose a threat to the safety and well-being of the tourists, visitors, citizens and any other persons lawfully walking along the walkway in question, but

they did nothing to eliminate such hazardous and dangerous condition before the accident suffered by **Patrinostro** occurred.

27. MSJ, **PRPA** and **PRTC** had a legal heightened duty of care towards **Patrinostro** to keep the entire premises of the Plaza, including the subject walkway used by tourists, visitors, citizens and others, in a reasonably safe condition and to adequately inspect the same according to applicable standards, as well as pursuant to its knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent such people from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

28. Likewise, MSJ, **PRPA** and **PRTC** had the legal heightened duty of care towards citizens, visitors and tourists, such as **Patrinostro**, to provide adequate supervision, training, and instructions to their employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions in the grounds of the Plaza, so that they could effectively take any proper, reasonable and necessary precautions or measures required to protect the former from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

29. MSJ, **PRPA** and **PRTC** were negligent in that they breached and utterly failed to comply with their duties:

    a) to properly inspect the subject pathway to identify hazardous, perilous or dangerous conditions;

    b) to properly train and instruct their agents or employees to maintain said pathway in a reasonably safe condition for the use of tourists, visitors, citizens and others – including, but not limited to, training and instructions on how to properly inspect, identify and remove or eliminate hazardous, perilous or dangerous conditions;

    c) to keep such pathway in reasonably safe conditions for its intended use, free from hazards, perils or dangers;

    d) to warn about hazardous, perilous or dangerous conditions in said pathway;

    e) to cordon off of the area in question to ensure that no one was unnecessarily exposed to an inherent risk of bodily injury, damage or harm; and,

    f) to repair the defect on the pathway.

30. It was reasonably foreseeable to MSJ, **PRPA** and **PRTC** that their failure to comply with one or more of the previously mentioned duties could cause the tourists, visitors, citizens or any other person lawfully walking along the subject walkway to suffer bodily injury, damage and harm, as those occasioned to and suffered by **Patrinostro**.

31. The sole and exclusive negligence of Defendants was the proximate or adequate cause of the injuries, damages and losses suffered by Plaintiff. By incurring in such negligence, Defendants respond to Plaintiff for the damages caused.

32. **MAPFRE-PRAICO** issued a property insurance policy and/or commercial liability coverage in favor of the MSJ to cover risks and damages such as those reported in this Complaint, under the terms of which it is liable to **Patrinostro**, jointly and severally with its insured, for the damages she has suffered.

33. **Insurers 1-5** issued insurance policies in favor of MSJ, **PRPA** and/or **PRTC** which cover risks and damages such as those related in this Complaint, and the negligence of their insured, under the terms of which they respond to **Patrinostro**, directly and independently, for the damages she suffered.

34. All Defendants, including **Insurers 1-5** and **Unknown Defendants 1-5**, are jointly and severally liable to Plaintiff

### VI. Causes Of Action

**First Cause of Action**

35. Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

36. As direct result of the severe injuries to her right ankle and left knee, **Patrinostro** sustained unbearable physical pain and suffering. In spite of medical treatment, surgeries and physical therapy, Plaintiff continues to suffer from persistent and excruciating physical pains,

aches and neurological deficits. She is presently permanently and partially disabled in her general physiological functions.

37. As a direct consequence of the afore-stated physical injuries and limitations, **Patrinostro** has suffered, is suffering and will continue to suffer severe mental anguish and emotional distress.

38. **Patrinostro** is entitled to receive as a full, just and fair compensation for the intangible damages stated above, a reasonable sum of no less than **ONE MILLION DOLLARS ($1,000,000.00)**.

### Second Cause of Action

39. Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

40. As direct result of her injuries and impairment, **Patrinostro** has incurred in medical expenses for surgeries, treatments, therapies and medications, as well as other related medical expenses.

41. **Patrinostro** is entitled to receive as a full, just and fair compensation for these past and future medical and other analogous expenses a reasonable sum of no less than **FIFTY THOUSAND DOLLARS ($50,000.00)**.

### Third Cause of Action

42. Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

43. **Patrinostro** claims payment of the additional compensation to which she is entitled in accordance with Article 1538 of the Civil Code of Puerto Rico, for an amount equal to that previously claimed as compensation for her damages.

### Fourth Cause of Action

44. Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

45. In the event Defendants deny liability and responsibility for the injuries and damages caused to Plaintiff, as set forth hereinbefore, she would be entitled to pre-judgment interest for any and all sums finally awarded to her, to be computed from the date of the filing of this Complaint through and until the date Judgment is entered, as well as a reasonable amount of money for attorneys' fees.

### VII. Prayer For Relief

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of Plaintiff and, jointly and severally, against Defendants:

a) granting Plaintiff all the sums requested in the Complaint;

b) imposing upon Defendants the payment of all costs and expenses to be incurred in this lawsuit;

c) granting Plaintiff any other relief that she may be entitled to as a matter of law; and,

d) awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorneys' fees.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, on May 27, 2025.

QUINTANA & SUÁREZ, L.L.C.
400 Calle Calaf
400 Calle Calaf
PMB 165
San Juan, Puerto Rico 00918-1314
Teléfono     787-761-1067
             787-761-1310
Telefax      787-330-0015
www.quintanasuarez.com

*s/* Jorge R. Quintana Lajara

---

Jorge R. Quintana Lajara, Esq.
USDC No. 219203
Email: jorge@quintanasuarez.com
Direct 787-309-7531

*s/* José F. Quetglas Jordán

---

José F. Quetglas Jordán, Esq.
USDC No. 203411
Email: jfquetglas@gmail.com
jquetglas@quintanasuarez.com
Direct 787-406-8915

10